**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marco NAVAR–AGUIRRE,
Defendant–Appellant.**

**No. 02–50055.**

**D.C. No. CR–01–02976–IEG.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 20, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Marco Navar–Aguirre appeals his two-year supervised release sentence imposed following his guilty plea conviction for one count of importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Navar–Aguirre contends that the district court erred by denying a downward minimal role adjustment pursuant to U.S.S.G. § 3B1.2 on the mistaken belief

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that drug couriers are precluded from such an adjustment. We disagree.

The district court did not clearly err by finding that Navar–Aguirre was not a minimal participant under U.S.S.G. § 3B1.2. *United States v. Hursh,* 217 F.3d 761, 770 (9th Cir.2000). Further, the record does not support Navar–Aguirre's contention that the district court mistakenly believed drug couriers are ineligible for the minimal role downward adjustment.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.